UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMKRISHNA K.C., | No.  1:26-cv-02376-KES-FJS (HC) |
| Petitioner, | ORDER DENYING MOTION FOR COUNSEL |
| v. | [ECF No. 2] |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al., | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED |
| Respondents. | [21-DAY DEADLINE] |

Petitioner has filed a petition for writ of habeas corpus challenging his indefinite detention by the United States Bureau of Immigration and Customs Enforcement ("ICE").

Petitioner is a native and citizen of Nepal.  Petitioner states he has been continuously detained by ICE since January 3, 2025.  He claims his detention has become unreasonably prolonged in violation of his due process rights and that he is entitled to release or a bond hearing.

Petitioner has also requested the appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings.  *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of

counsel at the present time.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; *see* Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of all relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1.  Petitioner's motion for counsel is DENIED without prejudice.

2.  Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Response to the Order to Show Cause is due within TWENTY-ONE (21) days of the date of service of this order.

3.  Petitioner may file a Traverse to the Response within TWENTY-ONE (21) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **April 3, 2026**

_____
FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

2