UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMKRISHNA K.C.,

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

Case No. 1:26-cv-02376-KES-FJS (HC)

(A-Number: 221-389-962)

ORDER DENYING PETITIONER'S MOTIONS TO EXPEDITE REVIEW AS MOOT
(ECF No. 8, 12)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS IN PART, DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENY RESPONDENT'S MOTION TO DISMISS
(ECF Nos. 1, 7, 9)

FOURTEEN (14) DAY DEADLINE

Petitioner Ramkrishna K.C. ("Petitioner") is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on March 27, 2026. (ECF No. 1.) He challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE") since January 3, 2025. He claims his detention has become so unreasonably prolonged as to violate his Fifth Amendment due process rights. He claims he should be provided a bond hearing before an

immigration judge where the government must justify his continued detention by clear and convincing evidence, or be released. (*See* ECF No. 1.)

On April 27, 2026, Respondents filed a motion to dismiss the petition. (ECF No. 7.) Petitioner did not file a reply, but on June 18, 2026, filed a motion for expedited review and ruling on the pending petition. (ECF No. 8.) On July 6, 2026, Petitioner filed a motion for temporary restraining order. (ECF No. 9.) Respondents were directed to advise the court if they wished to provide additional briefing on the motion. (ECF No. 11.) Petitioner filed a second motion for expedited review on August 8, 2026. (ECF No. 12.) With no response from Respondents regarding Petitioner's motion for temporary restraining order, the court proceeds on the pleadings already submitted.

For the reasons discussed below, the court denies Petitioner's motions for expedited ruling as moot. The court further recommends that Respondents' motion to dismiss be denied, Petitioner's *ex parte* motion for temporary restraining order be denied as moot, and the petition be granted and Respondents be directed to provide Petitioner with a bond hearing before an immigration judge.

## I. BACKGROUND

On January 3, 2025, Petitioner crossed the border into the United States and was apprehended by U.S. Border Patrol. (ECF No. 7-1 at 2.) Petitioner expressed a credible fear and was placed in removal proceedings under 8 U.S.C. § 1229a. (ECF No. 7-2.) Petitioner's application for asylum was denied on January 14, 2026, and Petitioner was ordered removed to Nepal. (ECF No. 7-3.) Petitioner filed an appeal to the Board of Immigration Appeals ("Board") on February 6, 2026. (ECF No. 7-4.) Petitioner filed a brief in support of his appeal on June 22, 2026, and the appeal remains pending before the Board. *See* Executive Office for Immigration Review Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/, (search conducted utilizing Petitioner's alien number).

Petitioner has been in continuous custody since January 3, 2025, a period of over eighteen months. (ECF No. 7 at 2.)

## II. DISCUSSION

### A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention under 8 U.S.C. § 1226(c). *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

### B. Mandatory Detention under 8 U.S.C. § 1225(b)(1)

Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) as an "applicant for admission." (ECF No. 7 at 1.) Petitioner retorts that his continuous detention under section 1225(b) since his apprehension on January 3, 2025, has become prolonged and indefinite, and he should be given a bond hearing or, in the alternative, released from custody.[1] (*See* ECF No. 8 at 2.)

Regardless of whether applicants for admission receive full or expedited review pursuant to 8 U.S.C.A. §§ 1225(b)(1)(A)(i), (iii)(I)–(II), they are not entitled to immediate release. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 110–11 (2020). Instead, applicants "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." *Id.* at 111 (citing 8 U.S.C.A. § 1225(b)(1)(B)(iii)(IV)). Likewise, applicants who are found to have a credible fear may also be detained pending further consideration of their asylum applications. *Id.* (citing 8 U.S.C.A. § 1225(b)(1)(B)(ii)). In either case, the applicant must be detained until the conclusion of those proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

---

[1] Respondents ask, as an alternative remedy, that the case be held in abeyance pending the Ninth Circuit's resolution of *Rodriguez Vazquez v. Bostock*, Ninth Circuit docket no. 25-6842. The Ninth Circuit issued its opinion in *Rodriguez Vazquez* on July 30, 2026. Docket No. 25-6842, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026).

1. <u>*Due Process in Prolonged Immigration Detention*</u>

The parties acknowledge that Petitioner is subject to mandatory detention pursuant to section 1225(b). (ECF No. 7 at 1; ECF No. 8 at 2.) Nevertheless, Petitioner contends he has been unreasonably detained for over eighteen months without a bond hearing in violation of his due process rights. (ECF No. 8 at 2.) He argues that due process requires he should be granted a bond hearing before an immigration judge to determine whether he is a risk of flight or danger to the community. (ECF No. 9 at 2–3.)

Following the Supreme Court's rejection of the Ninth Circuit's invocation of the constitutional avoidance doctrine to read a bond hearing requirement into section 1225(b), *Rodriguez Diaz* concluded "it remains undetermined whether the Due Process Clause requires additional bond procedures under *any* immigration detention statute." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022) (emphasis in original). Nevertheless, "unreasonably long detention periods may violate the due process clause." *A.E. v. Andrews*, Case 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *3 (E.D. Cal. May 16, 2025) (citing, *inter alia*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018)), *adopted at* 2025 WL 1808676.

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court nevertheless has recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." *Demore*, 538 U.S. at 531; *see also Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure"). And "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 522, *quoted in Rodriguez Diaz*, 53 F.4th at 1206.

There is an open question on the appropriate test to use when evaluating a due process claim in immigration detentions like Petitioner's. The Ninth Circuit has noted that many courts

have applied the *Mathews*[2] test in considering due process challenges in the immigration context. *See Rodriguez Diaz*, 53 F.4th at 1206 (noting that the government sought to use a substitute for the *Mathews* test that was "not specific" but "focuses more exclusively on the government's asserted interests in detaining aliens who are subject to removal"). Yet the Supreme Court has resolved some constitutional challenges to immigration detention without invoking *Mathews*. *See, e.g.*, *Demore*, 538 U.S. at 523, 526–29; *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) ("[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims"). *But see Rodriguez Diaz*, 53 F.4th at 1206 (noting that the Supreme Court applied *Mathews* in considering a due process challenge to an immigration exclusion hearing). And in *Rodriguez Diaz* the Ninth Circuit used the *Mathews* test and assumed (without deciding) that it applied to a due process claim for a second bond hearing in a section 1226(a) detention. 53 F.4th at 1206–07. The district court judge assigned to this case previously applied the *Mathews* factors to evaluate an alleged due process violation based on prolonged detention under section 1225(b). *See Andrews*, 2025 WL 1424382. This court recommends that Petitioner here be treated similarly to the petitioners who raised due process claims against section 1225(b) detentions.

Under the *Mathews* test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Mathews*, 424 U.S. at 334–35. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

In the first factor, the court evaluates Petitioner's private interest in being free from detention against the government's stated interests in protecting the public from a risk of danger and any risk of flight to avoid removal. Petitioner has been detained over eighteen months. This duration of detention qualifies as "prolonged" in a general sense. *See Diouf v. Napolitano*, 634

[2] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

F.3d 1081, 1091 (9th Cir. 2011) (holding that once "the alien has been detained for approximately six months," "continuing detention becomes prolonged"), *cited and quoted in Rodriguez Diaz*, 53 F.4th at 1207. A noncitizen's private interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh*, 638 F.3d at 1208.

In *Rodriguez Diaz*, the Ninth Circuit stated that "in evaluating the first prong of the *Mathews* analysis, it is not sufficient to simply count the months of detention and leave it at that." 53 F.4th at 1208. The process received during this time, the further process that was available to Petitioner, and the fact that detention was prolonged due to Petitioner's decision to challenge his removal order must also be considered. *Id*. Thus, it is "important not to overstate the strength of Petitioner's showing under the first *Mathews* factor." 53 F.4th at 1213. Here, akin to the petitioner in *Rodriguez Diaz*, several months of Petitioner's detention is attributable to Petitioner's administrative challenges to the removal order. *Cf. id.* at 1207. And like the petitioner in *Rodriguez Diaz*, Petitioner's "private interests are further diminished by the fact that he is subject to an order of removal from the United States." *Id.* at 1208. Yet unlike the petitioner in *Rodriguez Diaz*, Petitioner has not received the benefit of a bond hearing. *Cf. id.* at 1207 (noting that petitioner received a bond hearing "approximately two months after he was detained under § 1226(a)"). And also unlike petitioner in *Rodriguez Diaz*, the Petitioner's "prolonged" detention is "in the context of detention for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." *Id.* at 1207 (citing *Aleman Gonzalez v. Barr*, 955 F.3d 762, 772 (9th Cir. 2020), and *Diouf*, 634 F.3d at 1091–92 n.13). The appellate court found this distinction significant. *Id.* Thus, this first *Mathews* factors tips in Petitioner's favor.

The court finds that the second *Mathews* factor (i.e., "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," 424 U.S. at 335), favors Petitioner. The "risk of an erroneous deprivation of [a petitioner's] interest is high" where "[h]e has not received any bond or custody redetermination hearing[.]" *Jimenez v. Wolf*, Case No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). And the right to seek an additional bond hearing under

section 1226(a), *Rodriguez Diaz*, 53 F.4th at 1209 (citing 8 C.R.F. § 1003.19(e)), does not apply to Petitioner's detention under section 1225(b). Under the mandatory detention provisions of section 1225(b), Petitioner is not entitled to a bond hearing, and there is no indication that the government has ascertained or will ascertain in the future whether Petitioner presents a risk of flight or danger to the public and, if so, whether alternatives to detention are available. Thus, the probable value of additional procedural safeguards (here, a bond hearing) is high. Given that Petitioner has been held without a bond hearing for some eighteen months and it is not clear when detention will end, the risk of erroneous deprivation weighs in favor of granting a bond hearing.

In the third factor, the court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The government's aim of "protecting the public from dangerous criminal aliens" and "increas[ing] the chance that, if ordered removed, the aliens will be successfully removed" are "interests of the highest order that only increase with the passage of time." *Rodriguez Diaz*, 53 F.4th at 1208 (quotations omitted). As other courts have recognized, however, the key government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." *Zagal-Alcaraz v. ICE Field Office Director*, Case No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020) (collecting cases). Here, Respondents' asserted interest hinges, in part, on untested assumptions about Petitioner's risk of flight or dangerousness. And the court is focused on Petitioner's request for a bond hearing before an immigration judge, not the alternative request for unqualified release. Providing a bond hearing would not undercut the governmental interest in accomplishing removal; a bond hearing would provide a forum for the parties to advocate as to *whether* this Petitioner represents a flight risk or danger to the community. Given "the minimal cost of conducting a bond hearing, and the ability of the [immigration judge] to adjudicate the ultimate legal issue as to whether Petitioner's continued detention is justified," courts have concluded that "the government's interest is not as weighty as Petitioner's." *Zagal-Alcaraz*, 2020 WL 1862254, at *7 (quoting *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019)). The court

concludes that the imposition of a bond hearing on Petitioner's continued detention does not undermine the weighty and substantial interests the government pursues here.

In sum, the three *Mathews* factors weigh in Petitioner's favor and outweigh the government's interest in further detention without inquiry into whether he represents a flight risk or danger to the community. The court thus finds that Petitioner's prolonged detention violates his Fifth Amendment due process rights. And "[t]he Court finds, consistent with other post-*Jennings* cases, that the appropriate remedy should be a bond hearing before an immigration judge[.]" *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022).

2. *Remedy*

Petitioner contends that the government should bear the burden of proof to justify detention by clear and convincing evidence. (ECF No. 1 at 17; ECF No. 9 at 2, 7.) Respondents contend that Petitioner is subject to mandatory detention and thus ineligible for a bond hearing. (ECF No. 7 at 2.) As other courts have concluded, the undersigned recommends that "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond" and that the bond hearing must comport with the other requirements of *Singh*, 638 F.3d at 1208. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (stating that "the [Board] properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under section 1226(c)). In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

III. ORDER

Based on the instant findings and recommendations, Petitioner's motions to expedite review and for ruling on the petition, (ECF Nos. 8, 12), are DENIED, as moot.

IV. RECOMMENDATION

For the foregoing reasons, the court HEREBY RECOMMENDS as follows:

1. The petition for writ of habeas corpus be granted in part;
2. Respondents be directed to provide Petitioner with a bond hearing within fourteen (14) days before an immigration judge wherein the government must demonstrate by clear and convincing evidence, in accordance with the requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011), that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision;
3. Petitioner's motion for *ex parte* temporary restraining order, (ECF No. 9), be denied as moot; and
4. Respondents' motion to dismiss, (ECF No. 7), be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **August 21, 2026**

UNITED STATES MAGISTRATE JUDGE